COMPILER OF LAW / LAW LIBRARY

## IN THE SUPERIOR COURT OF GUAM

FILED
CP COURT
SEP 10 PM 2: 38
CLERK OF COURT

| | | |
|---|---|---|
| THE PEOPLE OF GUAM, | ) | CRIMINAL CASE NO. CF429-11 |
| | ) | |
| | ) | |
| v. | ) | **DECISION AND ORDER ON** |
| | ) | **DEFENDANT JOSEPH BABAUTA** |
| JOSEPH BABAUTA SAN MIGUEL, | ) | **SAN MIGUEL'S MOTION FOR** |
| | ) | **EXPUNGEMENT** |
| Defendant. | ) | |
| | ) | |
| | ) | |

### INTRODUCTION

This matter came before the Honorable Maria T. Cenzon on Defendant Joseph Babauta San Miguel's (hereinafter "Defendant") oral Motion for Expungement (the "Motion") of the official record of the Superior Court of Guam, the Office of the Attorney General and police records relating to the above-captioned matter. The Motion followed the Court's order granting the People's Motion and Order for Dismissal of the above-captioned case without prejudice. Assistant Attorney General Matthew Heibel represented the People of Guam. Attorney Randall F. Cunliffe represented Defendant. Upon consideration of the arguments presented during the hearing of this matter and the relevant caselaw, the Court issues its written Decision and Order DENYING Defendant's Motion.

### LAW AND ANALYSIS

This Court's statutory authority for granting an expungement when the People have decided not to prosecute an offense is 8 G.C.A. § 11.10, which provides as follows:

> § 11.10. Expungement: When. (a) The official records of the court, the Attorney General, and the police reports in connection therewith dealing with a violation or attempted violation by an adult of territorial law or a regulation having the force and effect of law shall be expunged when the subject of the report is acquitted of the offense charged, when the prosecuting attorney decides not to prosecute the offense, when the time for commencing the criminal action as prescribed by Chapter 10 of this Title has passed, or on approval of the Pardon

Review Board when a pardon is granted pursuant to §1422 of the Organic Act of Guam, except for the pardon of a felony offense involving violence. Expungement shall not occur for an offense which requires a person to register as a sex offender, as defined in § 89.03 of Title 9, Guam Code Annotated, until the defender's name is removed from the registry.

The Guam Supreme Court recognizes the Court's statutory authority to expunge where there has been a decision by the Government not to prosecute. See *People of Guam v. Wai Kam Ho*, 2009 Guam 18 at ¶7. It is noteworthy that "expungement" as defined in Guam law does not mean" the complete erasure of any record of involvement in the criminal process, where 'the traces literally vanish and no indication is left behind that information has been removed,'" as it might in other jurisdictions. *Id.* at fn. 2 (quoting *V.C. v. Casady*, 634 N.W.2d 798, 809 (Neb.2001) (citing to *Commonwealth v. Roberts*, 656 N.E.2d 1260 (Mass.Ct.App.1995)). In Guam, law enforcement agencies and federal agencies still have access to those expunged records, which is "the functional equivalent of sealing as opposed to the complete destruction of records." Id.

However, the Supreme Court has instructed, "when a party requests expungement pursuant to 8 GCA §11.10, he or she should do so in a separate civil case. The expungement proceeding will be a civil matter governed by civil rules, and an appeal of right will be available from a final civil judgment by the Superior Court under 7 GCA 3108(a)." *People v. Lau*, 2007 Guam 4 at ¶6, fn. 2, 3. In requiring Defendants to bring a separate civil action for expungement, the Court reasoned as follows: "Generally, requesting expungement pursuant to a statute is considered a civil matter. [numerous citations omitted]. Guam's general expungement statute is codified in the criminal procedure section of the code, but, as other courts have found, this location in the criminal procedure code does not control, and expungement under 8 GCA § 11.10 is a civil matter." *Id.* at ¶4.

## CONCLUSION

Based on the Guam Supreme Court decisions in *Lau* and *Ho*, despite that Defendant may be entitled to expungement as of right pursuant to 8 G.C.A. § 11.10, Defendant is, nevertheless, required to seek expungement by separate civil proceeding. Consequently, Defendant's oral motion for expungement following the Government's dismissal without prejudice in the instant criminal case is DENIED.

**SO ORDERED** this 10th day of September, 2013.

**HONORABLE MARIA T. CENZON**
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

9-10-13

Jesse C. Franquez
Deputy Clerk, Superior Court of Guam